**FAEGRE BAKER DANIELS LLP**
TARIFA B. LADDON (SBN 240419)
*tarifa.laddon@faegrebd.com*
HOWARD D. RUDDELL (SBN 281510)
*howard.ruddell@faegrebd.com*
11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025
Telephone:   310.500.2090
Facsimile:    310.500.2091

Attorneys for Defendants COOK GROUP INCORPORATED, COOK MEDICAL LLC, f/k/a COOK MEDICAL INCORPORATED, COOK INCORPORATED, COOK RESEARCH INCORPORATED, and COOK MEDICAL TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE KAY,<br><br>Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA SAN DIEGO MEDICAL CENTER; RICHARD TODD ALLEN, M.D.; BENJAMIN JOHN DRINKWINE, M.D.; UNIVERSITY OF CALIFORNIA SAN DIEGO MEDICAL GROUP; POINT LOMA CONVALESCENT HOSPITAL; NOLI CAVA, M.D.; COOK GROUP, INC.; COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC.; COOK MEDICAL, LLC; COOK INCORPORATED; MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC.; COOK MEDICAL TECHNOLOGIES; COOK DENMARK INTERNATIONAL APS; COOK DENMARK HOLDING APS; COOK GROUP EUROPE APS; COOK NEDERLAND BV; WILLIAM COOK EUROPE APS; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.:  **'17CV1512 MMAKSC**<br><br>(San Diego Superior Court, Case Number:  37-2017-00020876-CU-MM-CTL)<br><br>**NOTICE OF REMOVAL OF DEFENDANTS COOK GROUP INCORPORATED, COOK MEDICAL LLC (FORMERLY KNOWN AS COOK MEDICAL INCORPORATED), COOK INCORPORATED, COOK RESEARCH INCORPORATED, and COOK MEDICAL TECHNOLOGIES LLC, PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

US.113370017.01

NOTICE OF REMOVAL:
Case No:

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Cook Group Incorporated,[1] Cook Medical LLC (formerly known as Cook Medical Incorporated),[2] Cook Incorporated, Cook Research Incorporated,[3] and Cook Medical Technologies LLC,[4] by and through Cook's counsel, hereby remove the state court action entitled *Christine Kay v. Regents of the University of California et al.*, Superior Court of California, County of San Diego, Case No. 37-2017-00020876-CU-MM-CTL, to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.[5] The grounds for removal follow.

## INTRODUCTION

### A. NATURE OF THE CASE

1. Plaintiff's Complaint commingles a medical device product liability action against Cook Group Incorporated, Cook Medical LLC, Cook Incorporated, Cook Research Incorporated, Cook Medical Technologies LLC, Cook Denmark International ApS, Cook Denmark Holdings ApS, Cook Group Europe ApS, Cook Nederland BV, and William Cook Europe ApS (collectively, "Cook") with a medical negligence action against the Regents of the University of California, University of California San Diego Medical Center, Richard Todd Allen, M.D., Benjamin John Drinkwine, M.D., the University of California San Diego Medical Group, Point Loma

---

[1] Incorrectly named in the Complaint as "Cook Group, Inc."
[2] "Cook Medical Incorporated a/k/a Cook Medical Inc." is incorrectly named in the Complaint and is now known as "Cook Medical LLC (*formerly known as* Cook Medical Incorporated)." In addition the names Cook Medical LLC incorrectly as "Cook Medical, LLC." Thus, the same entity, Cook Medical LLC, is named twice by the Complaint.
[3] Incorrectly named in the Complaint as "Medical Engineering and Development Institute, Inc."
[4] Incorrectly named in the Complaint as "Cook Medical Technologies."
[5] Cook Denmark International ApS, Cook Denmark Holdings ApS (incorrectly named in the Complaint as "Cook Denmark Holding ApS"), Cook Group Europe ApS, Cook Nederland BV, and William Cook Europe ApS have not been served in this action.

1

Convalescent Hospital, and Noli Cava, M.D. (collectively, the "Medical Defendants").

2. With respect to Cook, Plaintiff claims to have suffered injuries arising from the placement of an inferior vena cava filter ("IVC filter") designed and manufactured by Cook – specifically, the Cook Gunther Tulip® Vena Cava Filter ("Gunther Tulip") – into Plaintiff. Compl. (attached as Exhibit A), *passim*. Plaintiff alleges claims relating to Cook's "design, manufacture, sale, testing, marketing, labeling, advertising, promotion and/or distribution" of the Gunther Tulip. *Id.,* ¶ 46.

3. Plaintiff has set forth causes of action against Cook for strict products liability (failure to warn and design defect), negligence, breach of express and implied warranties, and consumer fraud and unfair and deceptive trade practices. *Id.*, ¶¶ 46–159. Plaintiff also seeks punitive damages as to Cook. *Id.*, ¶¶ 160–169.

4. Plaintiff separately alleges two counts of medical negligence against the Medical Defendants. Specifically, she alleges in her first count that the UCSD Medical Center and Does 11 through 20 (collectively, the "UCSD Defendants"); Richard Todd Allen, M.D. and Benjamin John Drinkwine, M.D. (collectively, the "UCSD Doctor Defendants"); the University of California San Diego Medical Group and Does 31 through 40 (collectively, the "Medical Group Defendants"); and Does 61 through 70 (the "UCSD Nurses") acted negligently in violation of the duty they owed her in connection with her treatment at the UCSD Medical Center following her auto accident in June 2011, the insertion of the Gunther Tulip filter into her inferior vena cava following the accident, and the lack of follow-up care regarding the decision whether to remove the filter thereafter. Compl. ¶¶ 27–36.

5. Plaintiff's second count against the Medical Defendants alleges that Point Loma Convalescent Hospital and Does 41 through 50 (collectively, the "Point Loma Defendants") and Nola Cava, M.D. and Does 51 through 60 (collectively, the "Cava Defendants") acted negligently in connection with her treatment at the Point Loma Convalescent Hospital (to which she was transferred after her June 2011

surgeries at the UCSD Medical Center) in late June and early July 2011. Compl. ¶¶ 37–44.

6. Plaintiff filed this action against Cook in the Superior Court of the State of California, County of San Diego, on or about June 9, 2017. Plaintiff served Cook Group Incorporated, Cook Medical LLC, Cook Incorporated, Cook Research Incorporated, and Cook Medical Technologies LLC with a Summons and Complaint for Damages on or about July 17, 2017. Cook filed its Answer to Plaintiff's Complaint on July 25, 2017.

### B. AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS

7. Beginning in 2013, plaintiffs filed federal court actions making nearly identical claims against Cook arising out of the IVC filters.

8. On October 15, 2014, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that consolidation was appropriate for these actions and began transferring Cook IVC filter cases to the Honorable Judge Richard L. Young of the United States District Court for the Southern District of Indiana for coordinated or consolidated pretrial proceedings. Presently, there are hundreds of federal court cases currently pending before Judge Young involving the very Cook IVC filter at issue in this case and including nearly identical claims as in this case. *See, e.g., In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L. Oct. 15, 2014) (ECF No. 29) (initial transfer order).

### C. REMOVAL

9. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). Cook has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446.

# REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

## A.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN ALL PROPERLY JOINED PARTIES

10. This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the proper parties – Plaintiff and Cook – in the underlying cause of action. The Medical Defendants do not defeat diversity under 28 U.S.C. § 1441(b)(2) because Plaintiff's claims against the Medical Defendants are medical malpractice claims that relate to the treatment of Plaintiff, and thus, do not arise out of the same transactions or occurrences as the products liability claims against Cook, which address the design, manufacturing, and marketing of IVC filters. *See* Compl. ¶¶ 46–159. As such, the claims against the Medical Defendants should be severed from the claims against Cook and the citizenship of the Medical Defendants disregarded here.[6] Finally, the amount in controversy as between Plaintiff and Cook exceeds the sum or value of $75,000, exclusive of interests and costs.

### 1.  COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND COOK

11. As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states. 28 U.S.C. § 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

12. Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes is a citizen of

---

[6] Cook has concurrently filed a Motion to Sever the claims against the Medical Defendants pursuant to Federal Rule of Civil Procedure 21, and Cook asserts that removal is proper because the claims against the Medical Defendants should be severed pursuant to Rule 21.

Indiana.

13. Cook Medical LLC (formerly known as Cook Medical Incorporated) is an Indiana limited liability company, having its principal place of business in Indiana. Cook Medical LLC's sole member is an Indiana corporation, Cook Group Incorporated, which is also a citizen of Indiana for jurisdictional purposes (*see supra,* ¶ 12). Thus, for jurisdictional purposes, Cook Medical LLC is a citizen of Indiana.

14. Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana. Thus, for jurisdictional purposes, Cook Incorporated is a citizen of Indiana.

15. Cook Research Incorporated is an Indiana corporation, having its principal place of business in Indiana. Thus, for jurisdictional purposes, Cook Research Incorporated is a citizen of Indiana.

16. Cook Medical Technologies LLC is an Indiana limited liability company, having its principle place of business in Indiana. Cook Medical Technologies LLC's sole member is Cook Group Incorporated, which is also a citizen of Indiana for jurisdictional purposes (*see supra*, ¶ 12). Thus, for jurisdictional purposes, Cook Medical Technologies LLC is a citizen of Indiana.

17. Cook Denmark International ApS is incorporated under the laws of Denmark and has its principal place of business in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

18. Cook Denmark Holdings ApS is incorporated under the laws of Denmark and has its principal place of business in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

19. Cook Group Europe ApS is incorporated under the laws of Denmark and has its principal place of business in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

20. Cook Nederland BV is incorporated in the Netherlands and has its principal place of business in the Netherlands, and is thus a citizen of a foreign state for jurisdictional purposes.

21. William Cook Europe ApS is incorporated under the laws of Denmark and has its principal place of business in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

22. Although Plaintiff also has named as "Does 101 through 200" as Defendants in its claims against Cook, this does not preclude the Court from exercising diversity jurisdiction. Plaintiff does not allege any facts regarding the "Does 101 through 200" - or even mention them apart from their initial inclusion in the litany of Cook Defendants. Compl. ¶ 12. Where, as here, a complaint does not give any indication of who the "Doe defendants" might be or how their activities might have given rise to the causes of action, they are not considered for purposes of determining diversity. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1240 (9th Cir. 1988) (affirming that the citizenship of Doe defendants should be disregarded where the complaint "fails adequately to identify [the] Does or link them to the alleged wrongs").

23. Plaintiff Christine Kay is a citizen of the state of California. *See* Compl. ¶ 1.

**2. THE CITIZENSHIP OF THE MEDICAL DEFENDANTS SHOULD BE DISREGARDED BECAUSE PLAINTIFF'S CLAIMS AGAINST THEM HAVE BEEN PROCEDURALLY MISJOINED**

24. Plaintiff appears to allege that many of the Medical Defendants, including the UCSD Defendants and the Point Loma Defendants, are citizens of California. *Id.*, ¶¶ 2–3, 7. The Complaint is silent as to the residence of several of the individuals named as Medical Defendants.

25. To the extent Plaintiff believes that the Medical Defendants defeat diversity as in-state defendants under 28 U.S.C. § 1441(b)(2), she is mistaken. As

discussed in more detail below, the claims against the Medical Defendants should be severed from this case and their citizenship should therefore be disregarded. Their citizenship should not be considered when determining this Court's diversity jurisdiction to preserve Cook's right to removal and prevent Plaintiff's attempted jurisdictional manipulation. Courts ignore the citizenship of misjoined parties for the purposes of determining diversity jurisdiction. *See*, *e.g.*, *Stone v. Zimmer, Inc.*, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146–48 (S.D.N.Y. 2001); *In re Diet Drugs*, 1999 WL 554584, at *2 (E.D. Pa. July 16, 2009); *Lyons v. The Am. Tobacco Co., Inc.*, 1997 WL 809677, at *4 (S.D. Ala. Sept. 30, 1997).

26. While the Ninth Circuit has not expressly adopted the doctrine of procedural misjoinder (also called "fraudulent misjoinder") as originally set forth in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072-73 (11th Cir. 2000), some district courts within the Ninth Circuit have applied the doctrine of fraudulent misjoinder. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (finding that plaintiffs fraudulently misjoined their product liability claims against the manufacturer of a medical device with the medical malpractice claims against resident physician and hospital defendants because the malpractice claims could not be based on the alleged negligence of the manufacturer); *see also Greene v. Wyeth*, 344 F.Supp.2d. 674, 684–85 (D. Nev. 2004) (stating "this Court agrees with the Fifth and Eleventh Circuits that the rule [of procedural misjoinder] is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court"). *But see Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) (declining to apply procedural misjoinder under *Tapscott* where the plaintiff had not resorted to Rule 20 and the claims were not so unrelated that their joinder was "egregious").

27. Further, federal courts have frequently applied the doctrine of procedural/fraudulent misjoinder where, as here, the case involves concurrent claims for products liability against manufacturers and medical negligence against healthcare providers. *See*, *e.g.*, *Sutton*, 251 F.R.D. at 505 (noted above); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007) (finding the joinder of the medical malpractice claims against the physician with the product liability claims against the defibrillator manufacturer inappropriate because the claims did not involve common questions of law or fact and did not assert joint, several, or alternative liability of the parties); *Stone*, 2009 WL 1809990, at *4 ("The joinder of the malpractice claims against [the doctor] and the [pain management center] with the product liability claim against [the product manufacturer] is thus inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability 'arising out of the same transaction, occurrence or series of transactions or occurrences.'" (internal citations omitted)); *In re Rezulin*, 2003 WL 21276425, at *1–2 (finding non-diverse physician improperly misjoined with claims against drug manufacturer). *But see Goodwin v. Kojian*, 2013 WL 1528966, at *4 (C.D. Cal. Apr. 12, 2013) (finding that procedural misjoinder did not apply where the plaintiff joined product liability claims against the manufacturer of a pelvic mesh implant with medical malpractice claims against the implanting physician).

28. Moreover, the essential elements of the medical malpractice claim against the Medical Defendants and the products liability claims against Cook are not the same. The critical components of the claims, including the evidence required to prove each claim, are legally and factually distinct. *See Stone*, 2009 WL 1809990, at *4. For example, Plaintiff's product liability claims brought against Cook involve the "design, manufacture, sale, testing, marketing, labeling, advertising, promotion and/or distribution" of the Gunther Tulip. Compl. ¶ 46. These claims require fact discovery into areas such as product testing, FDA reporting requirements,

manufacturing process, product labeling, and marketing practices. In contrast, the malpractice, or "medical negligence," claims against Medical Defendants concern the various medical professionals' performance, diagnosis of health ailments, standard of care and treatment, and interactions with Plaintiff; these concern the Gunther Tulip IVC filter insofar as Plaintiff alleges that certain of the Medical Defendants negligently failed to inform her it was in her body and negligently failed to inform her of the need for removal or arrange its removal, but they do not have any nexus to the claims against Cook regarding the design, manufacture, marketing, and distribution of the Gunther Tulip itself. *See id.*, ¶¶ 35, 43. Instead, these claims against the Medical Defendants require a factual investigation into the medical professionals' training and experience, performance, and evaluation of care plans.

29.     As a result, any liability found against the Medical Defendants would not be a basis for liability as to Cook, and separate liability could be found as to each. Whether the Medical Defendants are found liable for medical negligence has absolutely no effect on whether Cook can be found liable under a theory of products liability. As discussed above, the same conclusion has been reached in numerous federal courts across the country and should be reached here.

30.     Additionally, courts have found that the presence of an MDL is a factor to be considered in assessing whether removal is proper in this context. *See Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015) (denying a plaintiff's motion to remand because product liability claims against medical device manufacturers involve very different legal elements and facts than malpractice claims against healthcare defendants and noting that, contrary to plaintiff's assertions that severance would create inefficiency by forcing them to litigate in two forums, severance of the claims would, in actuality, likely benefit plaintiffs by allowing them to take advantage of a federal MDL while being unhindered in proceeding against the healthcare defendants); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 873 (N.D. Ohio 2009) (denying remand of products

liability claims against prescription drug manufacturer because plaintiff had an adequate remedy in state court for his claim against the medical providers and would likely benefit from consolidated pretrial proceedings in the products liability MDL); *Sutton*, 251 F.R.D. at 504 (noting product liability defendants' reliance on procedural misjoinder was "compelling, especially in the context of MultiDistrict Litigation"). Consequently, removal is appropriate here so that Plaintiff may take advantage of the MDL governing the specific product she alleges is defective. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, & Prods. Liab. Litig.*, MDL No. 2570, in the United States District Court for the Southern District of Indiana. Further, upon removal of this action, Cook will seek transfer of this action to MDL 2570 pending in the United States District Court for Southern District of Indiana because Plaintiff's medical device product liability case involves common questions of fact with cases previously transferred to MDL 2570.

31. Accordingly, Plaintiff's claims against the Medical Defendants should be disregarded because joinder of those Defendants is improper, and this Court should retain jurisdiction over the remaining claims against Cook until this case is transferred to the MDL.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

32. Based on the allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

33. A defendant can establish the amount in controversy by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, at 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

34. Plaintiff's allegations in the Complaint demonstrate that she seeks damages well in excess of $75,000. Plaintiff states that the allegedly defective Gunther Tulip IVC filter has caused her "permanent and continuous injuries, pain and suffering, [and] disability and impairment," and that she has "suffered emotional trauma, harm and injuries that will continue into the future" and have deprived her of her "ability to live a normal life." Compl. ¶ 99. She further alleges that she has "lost earnings and will continue to lose earnings into the future and have medical bills, both past and future, related to care because of the Cook IVC Filters' defects." *Id.*

35. District courts have concluded that the amount in controversy requirement was satisfied in cases involving similar allegations. *See, e.g., Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2–3 (E.D. Cal. Mar. 17, 2006) (holding that amount in controversy exceeded $75,000 where plaintiffs asserted strict products liability, negligence, and breach of warranty claims and sought general damages and compensatory damages, including lost wages, loss of earning capacity, and medical expenses).

36. Additionally, Plaintiff seeks punitive damages as to Cook. Compl. ¶¶ 160–169. A reasonable inference of a potential punitive damages award may also be considered in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."), *superseded by statute on other grounds as stated in Abikhalil v. Am. Med. Resp. Ambulance Serv., Inc.*, 2016 WL 429764, at *2 (C.D. Cal. Feb. 2, 2016).[7]

37. This list of alleged damages demonstrate that Plaintiff's claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

///

///

---

[7] Defendants deny all liability and that any damages are appropriate in this case.

11

### C. REMOVAL IS TIMELY

38. Removal is timely because Cook was served with a Summons and Complaint on July 17, 2017.

39. No previous request has been made for the relief requested herein.

### D. VENUE AND OTHER REQUIREMENTS ARE SATISFIED

40. The Superior Court of the State of California, County of San Diego, is located in the Southern District of California. *See* 28 U.S.C. § 84(d). Therefore, venue is proper because the Southern District of California is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

41. Cook Denmark International ApS, Cook Denmark Holdings ApS, Cook Group Europe ApS, Cook Nederland BV, and William Cook Europe ApS consent to this removal. Because the Medical Defendants have been procedurally misjoined, their consent to removal is not necessary. *See Sutton*, 251 F.R.D. at 505-06 (finding that failure to obtain the consent of the misjoined defendants did not negate an otherwise proper removal, and stating that "Plaintiffs' assertion that the consent of the California Defendants was required for removal based on fraudulent misjoinder is not the law in the Ninth Circuit"). Further, as the Ninth Circuit has articulated, "[a]lthough the usual rule is that all defendants in an action in a state court must join in a petition for removal . . . the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'" *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (internal citations omitted). While this rule has not been expressly applied to the doctrine of fraudulent *misjoinder*, the rationale for the rule is the same. Because the Medical Defendants have been procedurally misjoined in this action, they should be disregarded for diversity jurisdiction purposes and the rule of unanimity should apply only as to the properly named defendants.

42. Pursuant to the provisions of 28 U.S.C. § 1446(d), Cook will give Plaintiff written notice of the filing of this Notice of Removal and shall file written

1  notice of the filing of this Notice of Removal with the Superior Court of the State of
2  California for the County of San Diego, attaching as Exhibit A thereto a copy of this
3  Notice of Removal.

4      43.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and
5  orders served upon Cook in the state court action are attached as Exhibit B.  A true
6  and correct copy of Cook's Answer to Plaintiff's Complaint is attached as Exhibit C.

7      WHEREFORE, Defendants Cook Group Incorporated, Cook Medical LLC,
8  Cook Incorporated, Cook Research Incorporated, and Cook Medical Technologies
9  LLC give notice that the matter styled as *Christine Kay v. Regents of the University of*
10 *California et al.*, Superior Court of California, County of San Diego, Case No. 37-
11 2017-00020876-CU-MM-CTL, is removed to the United States District Court for the
12 Southern District of California.

14 Dated:  July 26, 2017
                                                     **FAEGRE BAKER DANIELS LLP**

17                                             By: */s/ Howard D. Ruddell*
                                                 HOWARD D. RUDDELL
                                                 Attorneys for Defendants COOK GROUP INCORPORATED, COOK MEDICAL LLC, f/k/a COOK MEDICAL INCORPORATED, COOK INCORPORATED, COOK RESEARCH INCORPORATED, and COOK MEDICAL TECHNOLOGIES LLC

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 11766 Wilshire Boulevard, Suite 750; Los Angeles, CA 90025. On July 26, 2017, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF DEFENDANTS COOK GROUP INCORPORATED, COOK MEDICAL LLC (FORMERLY KNOWN AS COOK MEDICAL INCORPORATED), COOK INCORPORATED, COOK RESEARCH INCORPORATED, and COOK MEDICAL TECHNOLOGIES LLC PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**

☒☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express overnight delivery envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

W. Douglas Easton
EASTON & EASTON, LLP                 *Attorney for Plaintiff*
650 Town Center Drive
Suite 1850
Costa Mesa, CA 92626

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 26, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lorena Lazheztter