# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE KAY,<br><br>                       Plaintiff,<br>v.<br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al,<br><br>                       Defendants. | Case No.: 17CV1512-MMA (KSC)<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On June 9, 2017, Plaintiff Christine Kay filed this action in the Superior Court of the State of California, County of San Diego, against Defendants Regents of the University of California, University of California San Diego Medical Center, Richard Todd Allen, M.D., Benjamin John Drinkwine, M.D., University of California San Diego Medical Group, Point Loma Convalescent Hospital, Noli Cava, M.D., Cook Group, Inc., Cook Medical Inc. a/k/a Cook Medical, Inc., Cook Medical, LLC, Cook Inc., Medical Engineering and Development Institute, Inc., Cook Medical Technologies, Cook Denmark International APS, Cook Denmark Holding APS, Cook Group Europe APS, Cook Nederland BV, and William Cook Europe APS. *See* Doc. No. 1-2. Plaintiff asserts product liability claims against some defendants, and medical malpractice claims against

others. On July 26, 2017, Defendants Cook Group Inc., Cook Medical LLC, f/k/a Cook Medical Inc., Cook Inc., Cook Research Inc., and Cook Medical Technologies LLC (the "removing Defendants") removed this action to this Court. The parties now jointly move the Court to sever Plaintiff's medical malpractice claims, and remand those claims to state court. *See* Doc. No. 11. Having reviewed the parties' joint motion, as well as Defendants' Notice of Removal, the Court finds it does not have subject matter jurisdiction over this action and that the removal is procedurally defective. The Court therefore *sua sponte* **REMANDS** this action to San Diego County Superior Court.

## DISCUSSION

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). They possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal district courts are constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. Section 1441(a), provides for removal of a civil action from state to federal court only if the case could have originated in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Courts construe section 1441(a) strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Specifically, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states

where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[C]omplete diversity of citizenship" is required, meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

Here, the parties admit that, as citizens of California, diversity does not exist between Plaintiff and Defendants Regents of the University of California, University of San Diego Medical Center, Richard Todd Allen, M.D., Benjamin John Drinkwine, M.D., University of California San Diego Medical Group, Point Loma Convalescent Hospital, and Noli Cava, M.D. *See* Doc. No. 11.[1] Accordingly, complete diversity does not exist, and some of the defendants are citizens of the forum state. Further, the Court is unpersuaded by the removing Defendants' argument that the Court should disregard the non-diverse Defendants for the purposes of removal pursuant to the doctrine of "fraudulent misjoinder." *See* Doc. Nos. 1, 11. It is unclear whether that doctrine is viable in this Circuit,[2] and regardless, it would not provide for removal in these circumstances. "Essentially, fraudulent misjoinder examines the facts to determine whether claims against one defendant arise out of the same transaction, occurrence or series of transactions or occurrences or have any real connection" to the facts underlying the claims between diverse parties. *See Blasco v. Atrium Med. Corp.*, No. C 14-03285 EDL, 2014 WL 12691051, at *3 (N.D. Cal. Oct. 30, 2014) (internal alterations and quotations omitted). Here, Plaintiff's product liability claims against allegedly diverse defendants arise out of the same facts as her medical malpractice claims against non-diverse defendants. Based on the foregoing, the Court lacks jurisdiction over this action.
//

---

[1] The lack of diversity is also apparent from the Notice of Removal. *See* Doc. No. 1.

[2] While the Ninth Circuit recognizes the separate, similarly named doctrine of fraudulent joinder, "the weight of authority among California district courts is that the [] fraudulent misjoinder doctrine is not applicable in the Ninth Circuit." *See Blasco v. Atrium Med. Corp.*, No. C 14-03285 EDL, 2014 WL 12691051, at *2 (N.D. Cal. Oct. 30, 2014).

## CONCLUSION

Having carefully reviewed the Notice of Removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2017-00020876-CU-MM-CTL.

The Clerk of Court is instructed to return the case to state court forthwith, terminate any pending motions, and close this action.

**IT IS SO ORDERED.**

Dated: August 22, 2017

Hon. Michael M. Anello
United States District Judge